IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DONALD JAMES PEPPER, III, )
　　　　　　　　　　　　　　　　)
　　　　　Plaintiff, )
　　　　　　　　　　　　　　　　)
　　-vs- )　　Civil Action No.　18-1170
　　　　　　　　　　　　　　　　)
ANDREW M. SAUL,[1] )
COMMISSIONER OF SOCIAL SECURITY, )
　　　　　　　　　　　　　　　　)
　　　　　Defendant. )

AMBROSE, Senior District Judge

## OPINION

Pending before the Court are Cross Motions for Summary Judgment. (ECF Nos. 12 and 15). Both parties have filed Briefs in Support of their Motions. (ECF Nos. 13 and 16). After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am denying Plaintiff's Motion for Summary Judgment (ECF No. 12) and granting Defendant's Motion for Summary Judgment. (ECF No. 15).

## I.　BACKGROUND

Plaintiff brought this action for review of the final decision of the Commissioner of Social Security denying an application for supplemental security income pursuant to the Social Security Act. The application was filed on behalf of Plaintiff, who was at that time under the age of 18. On March 7, 2017, Administrative Law Judge ("ALJ"), Jeffrey P. La Vicka, held a hearing. (ECF No. 10-4, pp. 2-49). On April 18, 2017, the ALJ found that Plaintiff was not disabled under the Act prior to March 2, 2017, the date he attained age 18 or thereafter. (ECF No. 10-3).

---

[1] Andrew M. Saul was sworn in as Commissioner of Social Security on June 18, 2019, replacing Acting Commissioner, Nancy A. Berryhill.

1

After exhausting all administrative remedies, Plaintiff filed an action in this court. The parties have filed Cross-Motions for Summary Judgment. (ECF Nos. 12 and 15). The issues are now ripe for review.

## II. LEGAL ANALYSIS

### A. Standard of Review

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Monsour Medical Center v. Heckler,* 806 F.2d 1185, 1190-91 (3d Cir. 1986)*; Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

The Social Security Act provides that a child under 18 is "disabled" for purposes of SSI eligibility if he or she "has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §1382c(a)(3)(C)(i). The Commissioner follows a three-step sequential process in

determining childhood disability: (1) whether the child is doing substantial gainful activity; (2) if not, whether he or she has a medically determinable severe impairment; (3) if so, whether the child's severe impairment meets, medically equals, or functionally equals the severity of a set of criteria for an impairment listed in 20 C.F.R. §416.924. An impairment functionally equals a listed impairment if the child has "marked" limitations[2] in two domains of functioning or an "extreme" limitation[3] in one domain. 20 C.F.R. §416.926(a). The six domains are: acquiring and using information; attending and completing tasks; interacting and relating with others; moving about and manipulating objects; caring for yourself; and health and physical well-being. 20 C.F.R. § 416.926a(b)(1)(i)-(iv). When evaluating the ability to function in each domain, the ALJ considers information that will help answer the following questions "about whether your impairment(s) affect your functioning and whether your activities are typical of other children your age who do not have impairments": What activities are you able to perform; What activities are you not able to perform; Which of your activities are limited or restricted compared to other children your age who do not have impairments; Where do you have difficulty with your activities – at home, in childcare, at school, or in the community; Do you have difficulty independently initiating, sustaining, or completing activities; and What kind of help do you need to do your activities, how much help do you need, and how often do you need it. 20 C.F.R. § 416.926a(b)(2)(i)-(vi).

In this case, the ALJ found that Plaintiff was not disabled prior to March 2, 2017, the date he attained age 18. (ECF No. 10-3, p. 30).

---

[2]A "marked" limitation "seriously" interferes with a claimant's ability independently to initiate, sustain, or complete activities. 20 C.F.R. § 416.926a(e)(2).

[3]An "extreme" limitation "very seriously" interferes with a claimant's ability independently to initiate, sustain, or complete activities. 20 C.F.R. § 416.926a(e)(3).

To be eligible for social security benefits after attaining the age of 18, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

In such instances, the Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. §404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). *Id.*

In this case, the ALJ found that Plaintiff was not disabled after attaining the age of 18. (ECF No. 10-3, p. 30).

### B. Assessment of Parental Testimony

Plaintiff argues that the ALJ erred "in his decision to ignore the Plaintiff's parent's testimony because the Administrative Law Judge failed to identify and explain what evidence he found not

4

credible in regard to the parent's (sic) testimony and why he found it not credible." (ECF No. 13, p. 11). To be clear, the ALJ did not "ignore" the said testimony. Rather, the ALJ specifically considered their testimony. (ECF No. 10-3, p. 20). Pursuant to SSR 06-03p,[4] statements from "other sources" such as educational personnel, spouses, parents and other caregivers, friends and neighbors, cannot establish the existence of an impairment. Nonetheless, such evidence "may provide insight into the severity" of an impairment and "how it affects the individual's ability to function." To that end, the ALJ should consider relevant factors such as the nature and extent of the relationship, consistency with other evidence, and any other evidence that supports or refutes the evidence. *Id.* I will defer to the ALJ's assessment from an "other source," so long as the ALJ explains the reasons for crediting or discrediting evidence from other sources. *Smith v. Califano*, 637 F.2d 968, 972 (3d Cir. 1981); *Baerga v. Richardson*, 500 F.2d 309, 312 (3d Cir. 1974), *cert. denied*, 420 U.S. 931 (1975).

In this case, the ALJ discussed Plaintiff's parents' testimony. (ECF No. 10-3, pp. 20-21). After reviewing the same, the ALJ gave "greater weight to the objective medical evidence, the credible opinion evidence of record, and other factors outlined throughout the decision that tend to discredit the severity of the limitations provided by Mr. and Ms. Pepper." (ECF No. 10-3, p. 21). In so doing, the ALJ specifically considered the nature of their relationship with Plaintiff as non-disinterested third parties. *Id.* He further noted that Plaintiff's parents are not medically trained such that their reports are less persuasive than the objective medical and other evidence. *Id.* To that end, the ALJ stated, in particular, that "their reports are simply not consistent with the preponderance of the opinions and observations by medical doctors and other medically trained professionals in this case." *Id.* These are acceptable reasons for discounting the evidence from

---

[4] SSR 06-03p has been rescinded for cases filed on or after March 27, 2017. Since Plaintiff's application was filed prior to March 27, 2017, SSR 06-03p was applicable and was applied by the ALJ. (ECF No. 10-3, p. 21).

Plaintiff's parents.  After a review of the record, I find that the ALJ properly assessed the parents' reports.  Based on the record as a whole, I further find there is substantial evidence to support this finding of the ALJ.  (ECF No. 10-3, pp. 5-30).  Therefore, I find no error in this regard.

    **C.**    **<u>Weighing Opinion Evidence from Dr. Crabtree</u>**

Plaintiff next asserts that the ALJ erred "in his refusal to assign weight to the testimony and medical expertise of Dr. Crabtree…." (ECF No. 13, p. 12).  To be clear, in this case, the ALJ did not "refuse to assign weight" to the opinion of Dr. Crabtree.  *See,* ECF No. 10-3, p. 20.  Rather, he assigned little weight to Dr. Crabtree's opinion as he found it less persuasive.  *Id.* The amount of weight accorded to medical opinions is well-established. Generally, the ALJ will give more weight to the opinion of a source who has examined the claimant than to a non-examining source. 20 C.F.R. § 416.927(c)(1). In addition, the ALJ generally will give more weight to opinions from a treating physician, "since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations." *Id.* §416.927(c)(2).  The opinion of a treating physician need not be viewed uncritically, however.  Rather, only where an ALJ finds that "a treating source's opinion on the issue(s) of the nature and severity of [a claimant's] impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence [of] record," must he give that opinion controlling weight. *Id.*  "[T]he more consistent an opinion is with the record as a whole, the more weight [the ALJ generally] will give to that opinion." *Id.* § 416.927(c)(4).

If the ALJ finds that "a treating source's opinion on the issue(s) of the nature and severity of [a claimant's] impairment(s) is well-supported by medically acceptable clinical and laboratory

6

diagnostic techniques and is not inconsistent with the other substantial evidence [of] record," he must give that opinion controlling weight. *Id.* Also, "the more consistent an opinion is with the record as a whole, the more weight [the ALJ generally] will give to that opinion." *Id.* §416.927(c)(4).

In the event of conflicting medical evidence, the Court of Appeals for the Third Circuit has explained:

> "A cardinal principle guiding disability determinations is that the ALJ accord treating physicians' reports great weight, especially 'when their opinions reflect expert judgment based on continuing observation of the patient's condition over a prolonged period of time.'" *Morales v. Apfel*, 225 F.3d 310, 317 (3d Cir. 2000) (*quoting Plummer v. Apfel*, 186 F.3d 422, 429 (3d Cir. 1999)). However, "where . . . the opinion of a treating physician conflicts with that of a non-treating, non-examining physician, the ALJ may choose whom to credit" and may reject the treating physician's assessment if such rejection is based on contradictory medical evidence. *Id.* Similarly, under 20 C.F.R. § 416.927(d)(2), the opinion of a treating physician is to be given controlling weight only when it is well-supported by medical evidence and is consistent with other evidence in the record.

*Becker v. Comm'r of Social Sec. Admin.*, No. 10-2517, 2010 WL 5078238, at *5 (3d Cir. Dec. 14, 2010). Although the ALJ may choose whom to credit when faced with a conflict, he "cannot reject evidence for no reason or for the wrong reason." *Diaz v. Comm'r of Soc. Security*, 577 F.3d 500, 505 (3d Cir. 2009).

The ALJ gave little weight to the opinion of Dr. Crabtree because it was internally inconsistent, based on Plaintiff's subjective complaints or his father's reports, which the ALJ found were not supported by the mental health treatment records, and inconsistent with the other evidence of record. (ECF No. 10-3, p. 20). Consistency with other evidence is a valid reason for discounting opinion evidence. *See,* 20 C.F.R. §§404.1527; 416.927 (Evaluating Opinion Evidence). Thus, contrary to Plaintiff's assertion, the ALJ did not discount Dr. Crabtree's opinion because it was based only on "current complaints." (ECF No. 13, pp. 13-14). Instead, as set forth above, the ALJ compared it to all of the evidence of record and found it inconsistent. (ECF No. 10-3, p. 20). Thus, I find no merit to this argument.

### D. **Pain Assessments**

Plaintiff next argues the ALJ erred in assessing his complaints of pain. (ECF No. 13, pp. 14-17). In considering the intensity, persistence, and limiting effects of an individual's symptoms, the ALJ will examine the entire case record, including the objective medical evidence; an individual's statements about the intensity, persistence, and limiting effects of symptoms; statements and other information provided by medical sources and other persons; and any other relevant evidence in the individual's case record. SSR 16-3p. Additionally, the ALJ will also consider daily activities; the location, duration, frequency, and intensity of pain or other symptoms; factors that precipitate and aggravate the symptoms; the type, dosage, effectiveness, and side effects of any medication an individual takes or has taken to alleviate pain or other symptoms; treatment, other than medication, an individual receives or has received for relief of pain or other symptoms; any measures other than treatment an individual uses or has used to relieve pain or other symptoms; and any other factors concerning an individual's functional limitations and restrictions due to pain or other symptoms. 20 C.F.R. §§404.1529(c), 416.929(c). The ALJ will also look at inconsistencies between the claimant's statements and the evidence presented. *Id.* I must defer to the ALJ's determinations, unless they are not supported by substantial evidence. *Smith v. Califano*, 637 F.2d 968, 972 (3d Cir. 1981); *Baerga v. Richardson*, 500 F.2d 309, 312 (3d Cir. 1974), *cert. denied*, 420 U.S. 931 (1975).

Plaintiff specifically asserts that "because the ALJ had substantial medical evidence provided to him that shows the Plaintiff's disorders and medical conditions could 'reasonably be expected to produce the alleged symptoms', the ALJ erred in his decision to ignore the Plaintiff's complaints of pain." (ECF No. 13, p. 16). In support of the same, Plaintiff points to evidence to support his complaints of pain. *Id.* at pp. 16-17.

> [The] question is not whether substantial evidence supports Plaintiff's claims, or whether there is evidence that is inconsistent with the ALJ's finding…. Substantial

8

> evidence could support both Plaintiff's claims and the ALJ's findings because substantial evidence is less than a preponderance. *Jesurum v. Sec'y of U.S. Dep't of Health & Human Services,* 48 F.3d 114, 117 (3d Cir. 1995) (*citing Richardson v. Perales*, 402 U.S. 389, 401 (1971). If substantial evidence supports the ALJ's finding, it does not matter if substantial evidence also supports Plaintiff's claims. *Reefer v. Barnhart,* 326 F.3d 376, 379 (3d Cir. 2003).

*Weidow v. Colvin,* Civ. No. 15-765, 2016 WL 5871164 at *18 (M.D. Pa. Oct. 7, 2016). Thus, the question before me is whether substantial evidence supports the ALJ's findings. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Therefore, Plaintiff's argument in this regard is misplaced.

Nevertheless, I have considered the same. In accordance with the regulations, the ALJ "considered the claimant's subjective complaints with regard to pain, precipitating and aggravating factors, medications and other treatment, and any functional restrictions and claimant's daily activities (20 CFR 416.929)." To that end, the ALJ found that Plaintiff's statements "concerning his impairments and their impact on his ability to work are not entirely supported in light of the degree of medical treatment required, discrepancies between the claimant's assertions and information contained in the documentary reports, the medical history, the findings made on examination, the claimant's assertions concerning his ability to work, and the reports of the reviewing, treating and examining physicians." (ECF No. 10-3, p. 21). The ALJ went on to discuss the same in detail. (ECF No. 10-3, pp. 21-23). After a review of the record, I find that the ALJ sufficiently explained the inconsistencies he found in evaluating Plaintiff's testimony in relation to all of the other evidence in determining his RFC. *Id.* I further find there is substantial evidence to support his findings in this regard. Consequently, I find no merit to this assertion.

**E.** **Evidence from Neil Forsythe, M.Ed.**

Plaintiff argues that ALJ erred both "in his failure to assign any weight to or consider the structured nature of the partial hospital program as opined by Neil Forsythe, Med., NCC…and because the ALJ did not give any reason whatsoever in his report as to why he rejected" portions of the same. (ECF No. 13, pp. 17-19). Contrary to Plaintiff's assertions, the ALJ did not fail to

9

consider the letter from Neil Forsythe. (ECF No. 10-3, p. 17). In fact, the ALJ specifically noted that Plaintiff "went into a school-based partial program run through his school district where he has been enrolled for the preceding year and a half prior to his hearing." *Id.* Additionally, the ALJ pointed out that Plaintiff has missed over 80 out of 180 days in 10th grade and was tardy over 50 days that same year and continues to miss and/or be tardy on a regular basis. *Id.* Yet, Plaintiff has successfully completed each grade level. *Id.* at p. 23. Furthermore, the ALJ cites to Dr. Forsythe's letter and the entire exhibit (Exhibit 16F) throughout his discussion on the six domains of function as it pertains to the child portion of his application. (ECF No. 10-3, pp. 23-270. Consequently, I find no error in this regard.

## F. Marked Limitations

Plaintiff's final argument is that the ALJ erred in not finding Plaintiff had marked limitations. (ECF No. 13, pp. 19-20). In support of the same, Plaintiff points to "substantial evidence" that he believes shows he has marked limitations. *Id.* Again,

> [the] question is not whether substantial evidence supports Plaintiff's claims, or whether there is evidence that is inconsistent with the ALJ's finding…. Substantial evidence could support both Plaintiff's claims and the ALJ's findings because substantial evidence is less than a preponderance. *Jesurum v. Sec'y of U.S. Dep't of Health & Human Services,* 48 F.3d 114, 117 (3d Cir. 1995) (*citing Richardson v. Perales*, 402 U.S. 389, 401 (1971). If substantial evidence supports the ALJ's finding, it does not matter if substantial evidence also supports Plaintiff's claims. *Reefer v. Barnhart,* 326 F.3d 376, 379 (3d Cir. 2003).

*Weidow v. Colvin,* Civ. No. 15-765, 2016 WL 5871164 at *18 (M.D. Pa. Oct. 7, 2016). Thus, the question before me is whether substantial evidence supports the ALJ's findings. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Therefore, Plaintiff's argument in this regard is entirely misplaced and insufficient to place an issue before me. Therefore, remand is not warranted on this basis.

An appropriate order shall follow.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DONALD JAMES PEPPER, III, )
)
        Plaintiff, )
)
  -vs- ) Civil Action No. 18-1170
)
ANDREW M. SAUL,[5] )
COMMISSIONER OF SOCIAL SECURITY, )
)
        Defendant. )

AMBROSE, Senior District Judge

## ORDER OF COURT

THEREFORE, this 3rd day of September, 2019, it is ordered that Plaintiff's Motion for Summary Judgment (ECF No. 12) is denied and Defendant's Motion for Summary Judgment (ECF No. 15) is granted.

        BY THE COURT:

        s/   Donetta W. Ambrose
        Donetta W. Ambrose
        United States Senior District Judge

---

[5] Andrew M. Saul was sworn in as Commissioner of Social Security on June 18, 2019, replacing Acting Commissioner, Nancy A. Berryhill.